UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJINDER KAUR PAHAL, | Case No. 2:24–cv–01667–CSK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES, 42 U.S.C. § 406(b) |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 24) |
| Defendant. | |

Presently before the Court is Plaintiff Majinder Kaur Pahal's counsel's motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $16,755.00.[1] (ECF No. 24.) This amount represents 25% of Plaintiff's past-due benefits of $67,023.90. (ECF No. 24 at 9, 13.) Counsel agrees to refund to Plaintiff $9,000.00 for attorney's fees previously paid under the Equal Access to Justice Act ("EAJA"). (ECF No. 24.)

For the reasons that follow, the undersigned GRANTS the motion for attorney's fees in the amount of $16,755.00. Plaintiff's counsel shall reimburse Plaintiff $9,000.00 in previously awarded EAJA fees.

/ / /

/ / /

---

[1] This matter is before the undersigned pursuant to 28 U.S.C. § 636(c) based on the consent of all parties. (ECF Nos. 6, 7, 8.)

1

## I.    BACKGROUND

On June 10, 2024, Plaintiff filed a complaint challenging the Commissioner's denial of Social Security benefits. (ECF No. 1.) Plaintiff moved for summary judgment on October 5, 2024. (ECF No. 14.) The parties then stipulated to a remand for further proceedings before the Commissioner. (ECF No. 19.) The Court granted this stipulation, remanded for further proceedings under 42 U.S.C. § 405(g), and entered judgment in favor of Plaintiff. (ECF No. 20.) The parties stipulated to an award of EAJA fees in the amount of $9,000.00, which the Court granted. (ECF Nos. 22, 23.)

In the further proceedings before the Commissioner, Plaintiff was found to be disabled and was awarded, among other things, a back payment of $67,023.90. (ECF No. 24.) From this amount, the Commissioner withheld $16,755.98 to satisfy a potential award of attorney fees. (*Id.*)

Plaintiff's counsel now moves for court approval of attorney's fees under 42 U.S.C. § 406(b), seeking an award of $16,755.00 or 25% of Plaintiff's past-due benefits. (ECF No. 24.) Counsel also asserts Plaintiff will be refunded $9,000.00 for EAJA fees previously awarded. (*Id.*) Upon request of the Court, the Commissioner filed an advisory brief and took no position on the motion. (ECF No. 26.) On June 1, 2026, the Court issued a minute order directing Plaintiff to file a log of hours counsel spent working on the matter. (ECF No. 27.) Plaintiff filed the requested log of hours on June 1, 2026. (ECF No. 28.) Briefing is now complete.

## II.    DISCUSSION

42 U.S.C. § 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such

2

representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In reviewing the fee request, the district court is to look first to the parties' contingency-fee agreement, then test it for reasonableness—always respecting "the primacy of lawful attorney-client fee agreements[.]" *Gisbrecht*, 535 U.S. at 793. The Supreme Court has noted that courts following this method may "appropriately reduce[] the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. To this end, the Ninth Circuit instructs:

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case. As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, but not as a basis for satellite litigation, the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases.

*Crawford*, 586 F.3d at 1148 (quotations omitted). The burden of establishing the reasonableness of the fee falls on the attorney seeking the fee. *Gisbrecht*, 535 U.S. at 807 n.17.

Here, in support of the motion for attorney's fees, Plaintiff's counsel attached Plaintiff's attorney-client agreement that provides for a contingency fee of 25% of any past-due benefits. (ECF No. 24.) The Commissioner's Notice of Award indicates Plaintiff was awarded $67,023.90 in past-due benefits, 25% of which ($16,755.98) was withheld

by the Commissioner to satisfy the potential attorney fee award. (ECF No. 24 at 13.) Plaintiff's counsel now seeks attorney's fees of $16,755.00. (ECF No. 24.) The Commissioner takes no position on the reasonableness of the request. (ECF No. 26.)

In light of the guidance provided in Crawford, the Court finds counsel's fee request to be reasonable. As an initial matter, agreements providing for fees of 25% of past-due benefits are the "most common fee arrangement between attorneys and Social Security claimants." *Crawford*, 586 F.3d at 1147. Additionally, neither the undersigned nor the Commissioner sees any indication Plaintiff's counsel performed substandard work or unduly delayed the case. To the contrary, counsel's work before this Court and before the Commissioner upon remand resulted in a favorable decision for Plaintiff and an award of substantial benefits. Counsel assumed the risk of receiving no compensation, as Plaintiff's application for benefits was denied at the initial and reconsideration stages of the administrative process, again denied after a hearing before an Administrative Law Judge, and rejected on appeal before the Social Security Appeals Council. (ECF No. 9 at 6.)

Furthermore, the total amount sought ($16,755.00) does not appear to be disproportionate to the amount of time counsel spent on the case. Counsel indicates she dedicated 48.6 hours in the proceedings before this Court. (ECF No. 28.) Given the hours and amount sought, counsel's effective hourly rate would be $344.75. The Court finds this rate reasonable, especially given the guidance in *Crawford* and cases finding much higher rates reasonable. *See Langston v. Saul*, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (awarding fees on an effective hourly rate of $1,453.42, when counsel requested $23,400 for 16.10 hours of attorney work); *Thomas v. Colvin*, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (awarding fees on an effective hourly rate of $1,093.22 for 40.8 hours of work); *Villa v. Astrue*, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").

In sum, the Court finds the amount requested by counsel to be reasonable in light of the years of litigation and the result achieved, the lack of evidence suggesting dilatory

conduct or a windfall to counsel, the guidance provided by *Crawford*. For these reasons, the Court awards counsel the requested amount of $16,755.00 in attorneys' fees under 42 U.S.C. § 406(b). The Court directs this amount be paid to Plaintiff's counsel, who shall then be responsible for reimbursing to Plaintiff the previously awarded EAJA fees of $9,000.00.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees under 42 U.S.C. § 406(b) (ECF No. 24) is GRANTED, and counsel is awarded $16,755.00 from the withheld amounts;

2. Counsel is ordered to reimburse Plaintiff $9,000.00 in previously awarded EAJA fees; and

3. Any past-due benefits withheld by the Commissioner in excess of the amount of attorney's fees awarded shall be released to Plaintiff after all fee petitions are resolved.

Dated:  June 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, paha.1677.24.atty-fees